---

## McGarrity *v.* Land Title & Trust Co., Administrator d. b. n. c. t. a. in Estate of Bridget Loughran, Deceased.

*Judgments — Opening of judgments — Insufficient evidence — Laches.*

A rule to open a judgment 17 years old will be discharged, where the only evidence in support of the petition is given by an interested witness: when the responsive answer of the plaintiff to the defendant's original allegation would be sufficient to defeat the application and where the original defendant has since died, and the plaintiff is, by operation of law, denied the opportunity of testifying. Under such circumstances, in view of the lapse of time, laches is a bar to relief.

Argued October 22, 1919. Appeal, No. 133, October Term, 1919, by defendant, from order of C. P. No. 3, Phila. County, June Term, 1901, No. 4201, discharging rule to open judgment in case of John McGarrity v. The Land Title & Trust Company, Administrator d. b. n. c. t. a. in Estate of Bridget Loughran, Deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Rule to open judgment. FERGUSON, J., filed the following opinion discharging the rule:

Judgment was entered in this case by confession on September 5, 1901. On February 21, 1902, the defendant filed a petition in support of a rule to open the judgment. The next day an answer was filed the plaintiff.

We are informed, although the facts do not appear of record, that Bridget Loughran died in the month of

March, 1902, leaving a last will and testament. Over this will there was a contest which resulted in a verdict sustaining the will, which verdict on appeal was sustained by the Superior Court, in Trainer v. McGarrity, 40 Pa. Superior Ct. 57. In January, 1917, a suggestion was filed of record in the case at bar that the Land Title & Trust Company had been appointed administrator d. b. n. c. t. a. of the estate of Bridget Loughran. Depositions in support of the rule to open the judgment were taken January 30, 1917, and argument was had upon the rule January 27, 1919.

The petition in support of the rule, which was made by Bridget Loughran, asserts that there was no consideration for the note upon which judgment was entered; that the plaintiff, McGarrity, upon the pretense that he wanted something to show other persons that the defendant was not on bad terms with him induced the defendant to sign the note. The answer of the plaintiff denies all of the allegations of the petition, but advances no affirmative statement as to the transaction except that the note was executed and delivered for the express purpose of enabling the plaintiff to realize the amount thereof from the defendant.

The depositions taken in support of the rule consisted of the testimony of Catherine Grogan, who was a subscribing witness to the note. She also happens to be one of the residuary legatees under the will of Bridget Loughran, and as such is interested in her estate. Her testimony is to the effect that McGarrity asked the defendant to put her name to the paper and that it was only a matter of form and to show that the plaintiff and the defendant were on friendly terms. This is the substance of her testimony, except the additional facts that both she and Bridget Loughran were able to read English and no effort was made to prevent them reading the paper which they signed.

The application to open this judgment has been permitted to grow stale. We have no means of knowing wheth-

er or not there was evidence showing the business relations which existed between the plaintiff and defendant, which evidence, by reason of lapse of time, might not now be available.' By operation of law the plaintiff is denied the opportunity of testifying. His responsive answer filed to the defendant's original petition denying her allegations would be sufficient to defeat the application if there was no other evidence in the case. The evidence which is provided is that of a subscribing witness quite reluctant to testify and frivolous in her answers when on cross-examination, and who happens to be a residuary legatee of defendant and whose interest would naturally be affected by the disposition of the present rule. The rule to open has been pending for nearly seventeen years. In all that time there were executors who might have prosecuted the rule, and the present administrator d. b. n. c. t. a. has been informed since January, 1917, of the existence of the judgment. Depositions were taken in January, 1917, and the matter was not set down for argument until January, 1919.

The whole proceeding, therefore, impresses us unfavorably. The judgment upon its face is good; it has existed for many years. The only evidence to open it is that of one person, who is interested in the success of the application, and the other party to the proceeding is incompetent to testify. Under these circumstances, in view of the lapse of time, we feel that laches must be a bar to any relief.

The rule is therefore discharged.

*Error assigned* was in discharging rule to open judgment.

*Henry A. Hoefler,* and with him *Michael Francis Doyle,* for appellant.

*William A. Gray,* for appellee.

PER CURIAM, February 28, 1920:

The opinion filed by the court below in discharging the rule to open the judgment is a complete answer to the appellant's contention, and we are satisfied there was no such abuse of discretion as would warrant a reversal of the order made.

The judgment is affirmed.